IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA DAVIS                                                                                    PLAINTIFF

v.                                        Case No. 2:12-CV-02095

HOLIDAY INN CITY CENTER                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant Holiday Inn City Center's ("Holiday Inn") Motion for Summary Judgment (Doc. 17), brief in support (Doc. 18), and supporting documents; Plaintiff Cynthia Davis's Response in Opposition (Doc. 21), brief in support (Doc. 22), and supporting documents; and Holiday Inn's Reply (Doc. 24).  For the reasons described herein, Holiday Inn's Motion for Summary Judgment (Doc. 17) is GRANTED.

This lawsuit stems from Plaintiff Cynthia Davis's allegations of employment discrimination against her former employer, Holiday Inn.  Davis filed her Complaint in this Court pro se on April 24, 2012, after exhausting her administrative remedies through the Equal Employment Opportunity Commission and receiving her right-to-sue letter.  Subsequently, Davis retained an attorney who assisted her in responding to the instant Motion for Summary Judgment.  The facts in this case are relatively straightforward.  Davis, a 50-year-old female, was fired from her job as Front Desk Manager at Holiday Inn about a month after she returned to work after undergoing thyroid surgery. She alleges that she was terminated due to her age and disability or perceived disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  Holiday Inn contends that Davis was fired for a legitimate, non-discriminatory reason, namely her unsatisfactory job performance.

-1-

When the court must determine whether summary judgment is appropriate, the burden of proof is on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)). "Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds." *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir. 1987). "The judge's function is not to weigh the evidence, but rather is to determine as a matter of law whether there are genuine factual conflicts." *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987).

Beginning with Davis's age discrimination claim, the Court observes that Davis presents no direct evidence of intentional age discrimination, but rather makes an inference of discrimination based on the fact that she was replaced by a younger person.[1] In addition, Davis failed to persist in her claim of age discrimination in her response to Holiday Inn's Motion for Summary Judgment. Her brief in opposition does not mention age discrimination at all, let alone substantively address any of Holiday Inn's arguments with respect to this claim. *See* Doc. 22. Nevertheless, the Court will analyze the merits of Davis's ADEA claim using the burden-shifting analysis announced by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817, 1824-26 (1973). This analysis

---

[1] Davis testified that the woman who replaced her was in her thirties. The Court will assume this to be true for purposes of evaluating Davis's claim.

requires the Court to determine, first, whether Davis makes a prima facie case of age discrimination by showing (1) she is at least forty years old, (2) she suffered an adverse employment action, (3) she was meeting her employer's legitimate expectations at the time of the adverse employment action, and (4) she was replaced by someone substantially younger.  Next, if Davis succeeds in establishing a prima facie case, the burden shifts back to Holiday Inn to articulate a legitimate, non-discriminatory rationale for firing Davis.  *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 854 (8th Cir. 2012).  Finally, if Holiday Inn establishes a non-discriminatory reason for firing Davis, the burden then shifts back to Davis to demonstrate "that the defendant's proffered rationale was merely pretext for discrimination."  *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1086 (8th Cir. 2011).

Although it is questionable whether Davis was meeting her employer's legitimate expectations at the time she was fired, the Court views the facts as pleaded by Davis in the light most favorable to Davis on summary judgment and assumes for the sake of argument that she has established all four factors needed to make out a prima facie case of age discrimination.  The burden of proof now shifts to Holiday Inn to provide evidence of its legitimate, non-discriminatory reasons for firing Davis.

Holiday Inn maintains that it fired Davis because of her poor performance as Front Desk Manager, not because of her age.  To substantiate this, Holiday Inn submits the following evidence: the affidavit of Scott Meyer, general manager of Holiday Inn at the time of Davis's termination (Doc. 17-2); the declaration of Brad Boland, regional director of operations for TPG Hospitality, the entity that manages Holiday Inn (Doc. 17-3); the affidavit of Sydney Dobbins, former human resources manager for Holiday Inn (Doc. 17-4); the affidavit of Lavonda Thompson, the employee who

replaced Davis as Front Desk Manager after Davis was terminated (Doc. 17-7); and numerous emails concerning complaints from customers and Holiday Inn managers regarding the poor performance of Davis's front desk staff and Davis's failure to properly manage the front desk (Doc. 17-6). Holiday Inn also provides proof that during Davis's last full year of employment, she was disciplined and placed on probation two times, the first being in October of 2010, when she was given 30 days to improve her performance or face termination, and the second being in June of 2011, just before her termination, when she was again given 30 days to address a number of performance failures. *See* Doc 17-1, pp. 87-89.

In the burden-shifting analysis of *McDonnell Douglas*, it now falls to Davis to present argument or evidence that creates a genuine issue of material fact for trial as to whether Holiday Inn's reasons for firing her were a mere pretext for intentional age discrimination. In reviewing the pleadings before the Court, it is clear that Davis failed to meet her burden. She presented no evidence to support her allegation that her age was a motivating factor behind Holiday Inn's decision to fire her. In fact, her response brief is devoid of any mention of age discrimination. Moreover, the mere fact that she was replaced by a younger woman is insufficient, in and of itself, to establish pretext. *See Thomas v. Corwin*, 483 F.3d 516, 529 (8th Cir. 2007) (summary judgment on ADEA claim granted when plaintiff presented no evidence, other than plaintiff's replacement by a younger woman, to indicate that employer's reasons for termination were pretextual). Accordingly, Davis's age discrimination claim is dismissed with prejudice.

The Court now turns to Davis's ADA claims, which must also be analyzed under the *McDonnell Douglas* framework. To establish a prima facie case for disability discrimination, Davis is required to show (1) she is disabled or is regarded as disabled, (2) she is qualified to perform the

essential functions of her job with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability or perceived disability. *Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1061 (8th Cir. 2006).

Davis asserts in her Complaint that, although she does not currently have cancer, she believes she was fired because her employer perceived that she had cancer, "and her treatment potentially could have led to significant expenditures and significant time off work."[2] Approximately one month before her termination, Davis had thyroid surgery to remove her enlarged thyroid gland. After her thyroid was removed, doctors identified two cancerous lesions on the removed gland. These lesions had been completely excised, however, and had not spread to other areas of the body. Following surgery, Davis was given a clean bill of health, and no follow-up treatments were ordered.

The Court will assume for the purpose of deciding the Motion for Summary Judgment that Davis presented a prima facie case for employment discrimination under the ADA due to Holiday Inn's perception that Davis was disabled due to cancer. "An employer regards an employee as disabled if it mistakenly believes that the employee has an impairment (which would substantially limit one or more major life activity) or [it] mistakenly believes that an *actual* impairment substantially limits one or more major life activity." *Christensen v. Titan Dist., Inc.*, 481 F.3d 1085,

---

[2] Davis also alleges in her Complaint that she was fired due to her weight, but fails to provide evidence or argument that her weight was itself a disability, gave rise to a disability, or could be regarded as a disability under the ADA. Her response in opposition to summary judgment does not even address her weight-based ADA claim, leading the Court to believe that she no longer wishes it to be considered. Davis describes herself as "not a thin person" and speculates that she was fired, at least in part, due to her physical appearance; however, she never attempts to explain why her weight constitutes a medical condition or an actual or perceived disability that impacts one or more major life activities as defined by the ADA. Consequently, Davis has failed to state a prima facie case for disability discrimination on the basis of her weight, and this claim is dismissed with prejudice.

1093 (8th Cir. 2007) (internal quotation omitted) (emphasis in original). Although it is unclear exactly what Davis's supervisors knew or suspected about her thyroid surgery, there exists, at minimum, a question of fact as to whether Davis was perceived as having cancer that required radiation or chemotherapy treatment after surgery.

Now that Davis has made her prima facie case for disability discrimination, the burden shifts back to Holiday Inn to show a legitimate, non-discriminatory reason for firing Davis. As described above, Holiday Inn presented significant proof that it fired Davis due to her poor work performance. *See* Docs. 17-1, 17-2, 17-3, 17-4, 17-6, and 17-7. Davis counters, however, that Holiday Inn's evidence is a mere pretext for discriminatory animus, and to establish this, Davis points to the timing of the 30-day "action plan" she was placed on just days after she returned from having surgery. Davis argues that placing her on probation and firing her around the time of her surgery demonstrates Holiday Inn's discriminatory intent.

After carefully considering Davis's pretext argument, the Court finds that it is without merit, mainly because it rests entirely on timing. The Eighth Circuit is "hesitant to find pretext or discrimination on temporal proximity alone and look[s] for proximity in conjunction with other evidence." *Sprenger v. S. Fed. Home Loan Bank*, 253 F.3d 1106, 1114 (8th Cir. 2001) (internal citation omitted); *Green v. Franklin Nat. Bank of Minneapolis*, 459 F.3d 903, 916 (8th Cir. 2006) ("[T]iming alone is insufficient to show a pretextual motive rebutting a legitimate, non-discriminatory reason for an adverse employment action.").

In assessing the timing of Davis's termination in relation to her thyroid surgery, the Court observes that in October of 2010, Davis was first placed on a 30-day "action plan" for unsatisfactory work performance. Immediately following this 30-day probationary period, Davis was not fired, but

was allowed to remain in her position.  Shortly thereafter, in December of 2010, Davis received a largely positive performance evaluation; however, this evaluation assessed Davis's work performance from June 2009 through April 2010, which was a period of time that occurred a full year prior to Davis's eventual termination.  *See* Doc. 21-4.  Also in December of 2010, Davis became aware of customer complaints concerning the front desk.  In Davis's deposition, she discussed each of these customer complaints and her reaction to them at the time they were made, as well as her supervisors' criticism of her performance with respect to these complaints.  *See* Doc. 17-1, pp. 65-75.  Davis agreed that her performance and the performance of her staff were called into question through these complaints, and the complaints continued over the course of the next several months prior to Davis's surgery and eventual termination.  *Id.*  Davis first informed Holiday Inn that she would require time off for thyroid surgery in May of 2011; but by that time, Davis had fielded nearly six months worth of customer and management complaints about her performance.

To the extent that Davis makes excuses for her performance or argues that her supervisors were wrong to have blamed her for the shortcomings of her staff or for higher-level management decisions that were out of her control, the Court will not engage in second-guessing Holiday Inn's decision to fire Davis.  "Federal courts do not sit as a super-personnel department that reexamines an entity's business decisions . . . Rather, [the courts'] inquiry is limited to whether the employer gave an honest explanation of its behavior."  *Harvey v. Anheuser-Busch, Inc.,* 38 F.3d 968, 973 (8th Cir. 1994).  A court is empowered to decide on summary judgment whether there is sufficient evidence for a reasonable jury to infer that an employer's articulated reason for firing an employee is actually false and that discrimination was the true motivation.  *Wilking v. Cnty of Ramsey*, 153 F.3d 869, 874 (8th Cir. 1998).  "When an employer articulates a reason for discharging [an

employee] not forbidden by law, it is not [the court's] province to decide whether that reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the [employee's] termination." *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 411 (7th Cir. 1997) (quoted in *Wilking*, 153 F.3d at 873). In light of the fact that Davis presented no evidence, other than the timing of her firing, which could lead the Court to believe that disability discrimination motivated Holiday Inn's decision-making, Davis has failed to carry her burden to show pretext, and her disability claim is dismissed with prejudice.[3]

THEREFORE, IT IS ORDERED THAT Defendant Holiday Inn's Motion for Summary Judgment (Doc. 17) is GRANTED, and this case is DISMISSED WITH PREJUDICE. Judgment will enter contemporaneously with this Order.

IT IS SO ORDERED this 27th day of June, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[3] Although Davis was put on a 30-day "action plan" only two days after she returned to work after her thyroid surgery, Holiday Inn did not begin her probationary period until June 23, 2011, since her doctor determined she had returned to work too soon following surgery and recommended she take additional leave through June 22, 2011. Davis was suspended on July 22, 2011, 30 days after she came back to work full-time (the second time) and 37 days after being presented with the 30-day "action plan." Any argument by Davis that Holiday Inn gave her less than 30 days to improve her performance prior to her suspension is therefore false.